# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

*195*

William Alexander,

**Plaintiff,**

V

Gerald Rosen
Cheryl A. Matthews
Michelle Endres
Suzanne Hollyer
David Hoffman
Lori Savin
Mary Kaye Neumann
IlyssaCimmino
M Belill

**Defendants**

JURY TRIAL REQUESTED

Case:2:14-cv-12249
Judge: Cox, Sean F.
MJ: Komives, Paul J.
Filed: 06-06-2014 At 03:14 PM
CMP WILLIAM ALEXANDER V GERALD ROSE
N, ET AL (LG)

---

William Alexander (In Pro Per)

17515 W 9 Mile Rd.

Suite #980

Southfield, MI 48075

---

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

COMES NOW THE PLAINTIFF, William Alexander by and through his
own undersigned Counsel, initiates this civil action charging the defendants
with engaging in unlawful behavior synonymous with extortion, bribery and
mail fraud; Strict violations of 18 U.S.C. 96, the RICO STATUTE.

1

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

# Table of Authorities

| Michigan Law | Page |
|---|---|
| Friend of the Court Act, PA 294 of 1982 | 21, 32 |
| MCL 400.233 | 55 |
| MCL 552.505 (g) (h) | 30, 83 |
| MCL 722.21 | 30 |
| MCL 722.31 | 27, 30, 56 |
| MCL 750.122 | 77 |
| MCL 750.136b | 86 |
| MCL 750.213 | 74,98 |

| Michigan Court Rules | |
|---|---|
| MCR 2.611 | 36,39 |
| MCR 2.002 | 36,37,39 |
| MCR 2.612 | 36, 43 |

| Federal Law | |
|---|---|
| 28 USC 1915 (a), | 48 |
| 18 USC§1961(1) (B) | 52 |
| 18 USC 1341 | 67 |
| 18 USC §1343 | 67 |
| 18 USC §1962(c) | 68,73,74 |
| 18 USC §1962(d) | 74 |
| 18 USC §1964(a) | 108 |

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| 18 USC §1964(c) | 9,68,100 |
| 28 USC §1391 (b) | 9 |
| 42 USC. § 1985 (2) | 78, 81 |

**Constitutional Law**

| | |
|---|---|
| Fourteenth Amendment | 51, 78, 80, 84,94 |
| Eighth Amendment | 81 |

| **Case Law** | **Page** |
|---|---|
| Bachor v. Detroit, 49 Mich. App. 507, 513 (1973) | 50 |
| Borowsky v Borowsky, 273 Mich App 666, 672; 733 NW2d 71 (2007) | 53 |
| Brady v. Brady, 225 Kan. 485, 592 P.2d 865 (1979) | 55 |
| Bradley v. Fisher, 13 Wall. 335 (1872) | 67 |
| Canyon County v. Syngenta Seeds, Inc., 519 F.3d 969,976 (9th Cir.), cert. denied, 129 S. Ct. 458 (2008). | 32 |
| Carey v. Piphus, 435 US 247 - Supreme Court 1978 | 81 |

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

Cedric Kushner Promotions, Ltd. v. King, 533 US 158 - Supreme Court 2001[Id. At 162.]                                                              110

Eaton Corp v Easton Assocs, Inc, 728 F2d 285, 292 (6th Cir 1984) (quoting Barkau v Ruggirello  (On Rehearing), 113 Mich App 642, 647, 318 NW2d 521 (1982)).                                                                 71

Evans v. United States, 504 US 255 - Supreme Court 1992, id 261        76

Ex Parte Young, 209 U.S. 123 (1908)                                   51,93

Furman v. Georgia, 408 U.S. 238 (1972)                                  81

Hall v. Belmon, 935 F.2d 1106, 1110 (10th Cir. 1991)                    59

In Interest of Doe, 917 S.W.2d 139, 142 (Tex. App.-Amarillo 1996)      55

McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir.1991)              59-60
(citingNeitzke, 490 U.S. at 328, 109 S.Ct. at 1833)

National Organization for Women, Inc. v. Scheidler, 510 U. S. 249, 259 (1994)                                                                 106

People v Krist, 97 Mich App 669, 675; 296 NW2d 139 (1980),             75
lv den 409 Mich 936 (1980)

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Pierson v. Ray, 386 U. S., at 554                                      90,92

Pronesti v. Pronesti 368 Mich. 118 N.W.2d 254 453 (1962)              55

Reiter v. Sonotone Corp., 442 U.S. 330, 342 (1979)                    32

Richmond v. Nationwide Cassel, L.P., 52 F.3d 640, 644 (7th Cir. 1994)   55

State Highway Comm v. Vanderkloot, 392 Mich. 159, 180 (1974);         50

Stump v. Sparkman, 435 US 349 - Supreme Court 1978.          89,90,91

United States V. Classic, 313 U.S. 299, 61 S. CT. 1031,85 L. Ed.
1368[1941].                                                 104-105

Volunteer Medical Clinic, Inc. v. Operation Rescue, 948 F.2d 218 (6th Cir.
1991).                                                          85

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF MICHIGAN

## STATEMENT OF RELATED CASES

This civil action arises out of repeated mishandling and suppression of evidence regarding 6th Judicial Circuit Court Case 200735290-DS and Federal Case 2:13-cv-11908.

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

**PRELIMINARY STATEMENT**

1.  This action arises out of unlawful behavior synonymous with
    extortion, intimidation, tampering with a witness, conspiracy and
    child abuse of Defendants Federal Judge Gerald Rosen, Oakland
    County Judge Cheryl Matthews, Deputy Clerk Michelle Endres,
    Oakland County Friend of the Court Director Suzanne Hollyer, Friend
    of the Court Support Specialist IlyssaCimmino, Friend of the Court
    Referee David Hoffman, Friend of the Court Referee Lori Savin,
    Friend of the Court Counselor Mary Katherine Neumann, and
    Department of Human Services Representative M. Belill, in seeking
    to suppress [three years] of evidence for the reason that Plaintiff is
    disputing an unlawful debt, regarding 6th Judicial Circuit Court Case
    200735290-DS and Federal Case 2:13-cv-11908.

2.  From 2011-2014, Defendants refused to document evidence or initiate
    an investigation, which would vindicate Plaintiff of steadily

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

increasing arrearages. All evidence illustrates that minor child, has not lived with mother since 2010. Defendants have offered no alternative forms of relief, nor have they attempted to correct the problem. Defendants insist upon placing undue burden upon Plaintiff for "false" arrearage amounts.

3. Plaintiff William Alexander, objects to the systematic discrimination that so often accompanies interactions between Friend of the Court Judicial officer's and fathers.

4. The Defendants approach is a structured scheme, which obtains property [a thing or things of value belonging to someone;] through means of force, which is a conflict of State and Federal Law.

5. Plaintiff seeks declaratory judgment, injunctive relief, and compensatory damages to end what is the unlawful extortion of himself and others who accept this approach as, "normal". Plaintiff also seeks to guarantee that all families interested in assistance from the Friend of the Court, have the equal opportunity to voice concerns,

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

without regard to their gender or race, and take concerns before

judge's, without conflict stemming from the aforementioned factors.

## JURISDICTION AND VENUE

6. This is a Federal Question Case. This court has jurisdiction under *18 U.S.C § 1964 (c)* (Civil RICO), as this is an action where the Plaintiff has been violated by behavior or behavioral patterns of racketeering as established in section 1962 of the RICO STATUTE.

7. This Court also has supplemental jurisdiction over Plaintiffs' state law claims under *28 USC §1367* as these claims are intricately related to Plaintiffs' RICO claim and form part of the same case or controversy.

8. Additional jurisdiction is established pursuant to *28 U.S.C. § 1331*. This is an action where the Plaintiff is being deprived of rights, privileges, or immunities secured by the Constitution and laws of the government.

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

9.  Venue is proper in accordance with *28 U.S.C. §1391 (b)*. Upon information and belief, all parties are residents of the State of Michigan and all of the acts alleged herein were perpetrated in or around counties of Oakland and Wayne located within the State of Michigan.

10. Declaratory relief is authorized pursuant to *28 U.S.C. § 2201* and *28 U.S.C. § 2202*. A declaration of the law is necessary and appropriate to determine the respective rights and duties of the parties to this action.

11. The Defendants' conduct constitutes a civil conspiracy to engage in extortion, blackmail, and bribery in this district and all of the Defendants were aware of, and consented to unlawful conduct in this district which is part of the conduct on which Plaintiffs' claims are based.

12. The Defendants' conduct constitutes a civil conspiracy to engage in mail and wire fraud in this district and all of the Defendants were

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

aware of, and consented to, this conduct in this district, which is part of the conduct on which Plaintiffs' claims are based.

13. Defendants have mailed in this district by U.S. mail to various third parties, Plaintiffs incorrect debt amount in furtherance of the fraud.

14. The Defendants, have warped the Oakland County Friend of the Court, and deviated from state and Federal laws in doing so; engaging in extensive and systematic conduct in this district, with the intended purpose of extorting and bribing Plaintiff out of $18,960.

15. Defendants have operated, and continue to operate, an [uniquely separate] ongoing enterprise, which has existed for over three years, and they operate the enterprise by a continuous, systematic pattern of racketeering activity, which has defrauded Plaintiff of $18,960.

PARTIES

16. Plaintiff William Alexander, is the aggrieved party who has voiced repeatedly for [3] years that there is:

(a)     Conflict of residence.

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

(b)     Change of residence was not documented.

(c)     Amount of monthly payment must be adjusted to reflect above

changes.

(d)     Arrearage amount must be abated, given reasons (a)-(c).

(e)     Child is being mentally and emotionally abused, and it is affecting his

overall behavior.

17. Defendant Gerald Rosen is the Federal Chief Judge of the Eastern

   District of Michigan, within Wayne County, in the State of Michigan,

   and an agent acting on behalf of the Federal Government, charged

   with interpreting and enforcing its laws with which the court has

   jurisdiction.

18. Defendant Cheryl Matthews is a Judge of the Sixth Judicial Circuit

   within Oakland County, in the State of Michigan, and a ward of the

   state of Michigan, charged with interpreting and enforcing its laws

   with which the court has jurisdiction. As a ward of the state, Cheryl

   Matthew is responsible for ensuring she is in compliance with

   Constitutional, Michigan and Federal Law.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

19. Defendant Michelle Endres is a Deputy Clerk within Oakland County,
in the state of Michigan, and a ward of the state of Michigan, charged
with assisting Judge Matthews in whichever functions deemed
necessary. As a ward of the state, Michelle Endres is responsible for
ensuring she is in compliance with Constitutional, Michigan and
Federal Law.

20. Defendant Suzanne Hollyer is the director of the Oakland County
Friend of the Court, and charged with delegating duties of her
subordinates and ensuring that proper laws are applied. As a ward of
the state, Suzanne Hollyer is responsible for ensuring she is in
compliance with Constitutional, Michigan and Federal Law.

21. Defendant David Hoffman is a Referee of Oakland County Friend of
the Court. He is charged with "investigating all relevant facts, making
written reports and recommendations to both parties and the court,
regarding child custody or both. As a ward of the state, David

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Hoffman is responsible for ensuring he is in compliance with Constitutional, Michigan and Federal Law.

22. Defendant Lori Savin is a Referee of Oakland County Friend of the Court. She is charged with "investigating all relevant facts, making written reports and recommendations to both parties and the court, regarding child custody or both." As a ward of the state, Lori Savin is responsible for ensuring she is in compliance with Constitutional, Michigan and Federal Law.

23. Defendant IlyssaCimmino is the Support Specialist of Oakland County Friend of the Court, and charged with calculating child support amount, arrearages and other financial adjustments. As a ward of the state, IlyssaCimmino is responsible for ensuring she is in compliance with Constitutional, Michigan and Federal Law.

24. Defendant Mary Katherine Neumann is a Family Counselor at the Oakland County Friend of the Court, and her duties are to provide adequate counseling after uncovering the nature of problems, and suggest ways to improve communication between parties, when

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

14

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

situations are difficult. Additional duties include working with the Support Specialist to establish income withholding. As a ward of the state, Mary Katherine Neumann is responsible for ensuring she is in compliance with Constitutional, Michigan and Federal Law.

25. Plaintiff henceforth establishes, that each Defendant is a ward or employee of the state, and as such, must enforce the laws of the State of Michigan.

26. Their actions come into conflict with Michigan State and Federal laws, and they are thus sued in their capacity as wards of the state, operating a RICO structured enterprise.

## ALLEGATIONS

27. The named individual Plaintiff brings this action on behalf of himself pursuant to 18 U.S. C. § 1964(c). Plaintiff is an African American male whose rights have been violated by Defendants,

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

15

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

28.     (a) Excessive threats to accuse Plaintiff of crimes and offenses

not validated, with intent to cause injury to Plaintiff and property,

29.     (b) the continued threat to extort money and bribe Plaintiff for

money in exchange for "freedom", to do an act that they have no right

to enforce, by using fear, threats and undue exercises of power.


30.     Defendants have (c) mailed in this district by U.S. mail, false

debt information to defraud Plaintiff.


31. Interference. Plaintiff herein establishes interference, by addressing

the pressing concern of repeatedly stating for the duration of [three

years], that minor child did not reside with his mother. Information

originally discovered by Child Protective Services, an outside agency

independent of the Friend of the Court.


32. Questions of Law and Fact. Common questions of law and fact

affecting Plaintiff are involved, including but not limited to actions

and omissions by Defendants, who have denied the Plaintiff equal

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

treatment and equal relief on the basis of nourishing an ongoing

Enterprise, with the intent to extort monies that are not owed.

33. Mainstream Claims. Claims of the named Plaintiff are Defendants are

operating in an entirely separate enterprise in place of the FOC

agency, to extort currency from fathers, which cannot be owed as

presented within this complaint. Defendants are in actuality black

mailing and bribing Plaintiff for his freedom.

34. As Plaintiff continues to voice his contention further, the Defendants

have escalated their actions to induce Plaintiff to suffer. Plaintiff has

suffered, and will continue to suffer, due to discriminatory denial of

equal rights.

35. Plaintiff alleges that he is and will continue to be subject to

discrimination based on gender, due to the discrimination complained

of in this action. Plaintiff has established the necessary elements of

Civil RICO further:

a. Person

17

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

36. The Defendants [persons] are acting as private individuals, wholly distinct from that of the Friend of the Court agency [enterprise].

b. Injury

37. Plaintiff has suffered concrete financial loss. The intent to enforce an amount not owed has prevailed for the duration of [three] years, and Defendants have purposely placed Plaintiff in a state of impecuniosity. [Defendant Lori Savin wrote of Plaintiff's hardships, yet did not offer any form of relief. Defendant Savin destroyed the (October 25th 2013) transcript.] Exhibit A

c. Business or Property

38. Defendants have used instruments of extortion, blackmail and bribery to take and or withhold Plaintiff's money. Property is comprised of anything of material value, owned or possessed. Money is a form of property.

d. By Reason Of "Proximate Cause"

39. Plaintiff has suffered direct injuries, which were foreseeable or anticipated as a natural consequence of Defendants actions.

18

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

e. <u>Injunctive and Declaratory Relief.</u>

40. Defendants have acted or refused to act on grounds generally applicable to a situation, which has become increasingly bizarre. Thus making preliminary and permanent injunctive relief and analogous declaratory relief with respect to Plaintiff necessary.

## III.

## <u>AGENCY</u>

41. Defendants "were" and "are" engaged in a conspiracy to defraud and extort; each of them are liable for the actions of the other as if they themselves had committed the acts. All Defendants were acting as the agents of the others with either express or implied authority to so act in furtherance of their common goal to operate a RICO enterprise and all Defendants benefitted therefrom and ratified the acts of the others.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

42. Therefore, all Defendants are jointly and severally liable for the actions of every other Defendant committed in furtherance of the conspiracy.

## IV.
## SUMMARY OF COMPLAINT

43. This is a Civil RICO case comprised of extortion, bribery, and mail fraud. In which the Defendants have crafted a system to defraud Plaintiff, and others by using an enterprise purporting to be acting on behalf of the state, when evidence indicates the opposite.

44. The agency itself is not the Friend of the court, but an entirely separate entity, operating under the guise of law, omitting the same rules that a government agency must adhere too. The Defendants have

20

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

crafted this entity with the "intent" to act or "commit" acts, which conflict with the law. Such intent is a deviation from Agency duties and practice and is the equivalent of operating a separate and distinct entity, run by private individuals, void of law. Thereby allowing these individuals to operate in a sphere of autonomy, which can only best be described as "functioning in the grey".

## V.
## __THEENTERPRISE__

45. Actions of the Defendants prove they are operating an entirely separate entity of their own design.

46. The Friend of the Court Agency was established in the state of Michigan under the *Friend of the Court Act, PA 294 of 1982*. Michigan's primary goal for this Agency was and is to ensure that both parents are contributing to the financial well-being of their child. Both Michigan and Federal Law allow the enforcement of court ordered support obligations.

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

47. The Oakland County division is comprised of an 80% Caucasian workforce that is majority female. It is relatively unclear but, at some past interval, the Oakland County Friend of the Court departed from the rules and regulations, which govern it, and concocted a different set of rules and regulations.

48. These rules and regulations, function on a person's lack of two factors:

49. (a) Lack of knowledge.

50. (b) Lack of money.

51. It is well known that child custody battles and divorces are the most atmospherically charged and costly expenditures in our society. "Lack of" is essentially what they are operating off. Opposition requires expensive lawyering and voluminous documentation.

52. A vast amount of individuals are void of money to afford a suitable lawyer, and few if any, possess the time or knowledge to learn or

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

apply the law.   If an individual has no knowledge of family law, then they will hire an attorney. If an attorney cannot be afforded, they will have to go before the Referee themselves, and rely solely on their opinions and recommendations.

53. Consistent with lack of knowledge, is the Michigan Child Support Formula, which is applied to determine a monthly support obligation. If an individual has not retained an attorney, nor afford to retain an attorney, they will take what a Referee says at face value, and never dispute the monthly support amount.

54. Referees can calculate an amalgam of arrearage and monthly support; withholding 55% of an individual's annual income.

55. An individual who does not know the law will rely solely on this illusion of validity. What victims don't know is a.) Support can be abated or forgiven. b.) you do not have to agree to the monthly support obligation if it will be economically devastating.

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

**DEVIATION**

56. If an individual contest this amount, then the Referee will do their best to ensure that this matter does not go before the Judge. They will deter you as much as possible.

57. When a party objects, than the matter goes before the Judge, and the Judge will agree with the Referee. The belief is that there is some valid form of "relief". The above action demonstrates this is not true.

58. This expresses that the Referee is in control, and will deter you from acting if another issue arises. If and when another grievance arises, you'll take it before the referee. The Referee will tell you this, that, etc.

59. The average person's thoughts are, "Well, the Judge is going to agree with you anyway." The system normally operates as, (1) an individual goes before the referee, (2) individual disagrees with the referee, and (3) individual goes before the judge, who determines what's appropriate.

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

60. That last aspect is lacking in Oakland County.  The Judge will agree with the Referee. Navigating through this process, a male may find there is no difference between the Judge and the Referee. They will share the same opinion, whether it makes sense or not.

61. The belief to those not actively entrenched in the system is that there is some valid form of "relief", when in reality, there isn't. When an additional problem arises, the Referee will convince you to let them handle it, and the "Referee", goes before the judge and speaks, the Judge of course agrees with him or her, etc.

62. Individuals now rely solely on the Referee, because they feel they have no choice; the Referee is the judge, and their judgments will be tantamount. This systematic behavior requires the participation of judges who will only agree with the Referee. But the other alternative is to placate the Friend of the Court by making payments when and where you can; which is something any and all men will do to make sure they can avoid the entire lengthy process. Interacting with this system is exasperating. Defendant Neumann, once told Plaintiff, that, "Their goal was to deter parties from coming before them."

25

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

63. Many victims feel that contesting is absurd; an individual will experience the above gamut. Of course, when a lawyer is retained, there will be no issues. But who can afford a lawyer, when the Friend of the Court is taking 55% of your income? That does not leave much for living expenses, let alone retaining a lawyer.

**Financial Gain.**

64. There are many reasons support may be modified.

   a. Change in custody.

   b. Change in employment.

   c. Change in health; S.S.I., etc.

65. In either of these cases, the Friend of the Court will apply their "surcharge fee". The surcharge fee is what is required for the transferring of money. When one of the above situations occur, an individual goes before the Friend of the Court they lower your payments.

26

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

66. In Oakland County however, that is not the case. If you dispute or contest the amount, you will get absolutely no results without a lawyer.  Considering the three-ring circus described above, most individuals will obey, and not challenge these illegal actions.

67. Plaintiff says illegal, because under Michigan Law, a Referee cannot make you pay a certain amount. The Michigan Child Support Laws allows a deviation from the formula, if the amount calculated cannot be afforded.

68. Normally if there is a change in custody, a party must contact the court and relay this information. However, what if a party never contacts the court? *See MCL 722.31*

69. In Oakland County you will find yourself still paying support, despite the fact that you have repeatedly voiced these concerns. If a female makes these claims in Oakland County however, the order will be modified immediately.

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

70. This is a two-tier system; if there is a change in circumstances, than it must be investigated as cited In Michigan Law. This may or may not go before the judge. Oakland County though operates in a different way. Referees are given carte blanche to collect income however they can. Whether or not it is illegal or economically depriving is of no consequence.

71. An incorrect amount you will find is not attended to right away, if at all. This incorrect amount will be sent via computer or phone to the Department of Treasury. Which ensures that a party receives their income from the IRS, and the Friend of the Court receives their surcharge fee.

72. Plaintiff mentioned previously, the largest conflict arises when there is a change in custody. Depending on where the child resides, support is either lowered, or placed on the other parent.

73. When a child moves out of a parent's home, this is documented. Depending on where the child resides, support is either lowered, or placed on the other parent.

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

## CONFLICT

74. Plaintiff began to notice deviations of Agency "behavior" during April of 2011.

75. Child Protective Services, an independent Agency, began an investigation in November 2010. This investigation concluded that minor child does not reside with mother, but with maternal grandparents.

76. Plaintiff immediately contacted Defendants Hoffman, Neumann, and Cimmino. All of who did not note this "change of residence" or investigate it.

77. Plaintiff made the fact that there was a conflict of residence during a hearing on April 29th, 2011 to Referee Bolton.

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

78. This is when Plaintiff realized, they were never going to document or record it. Child support allows the Agency to charge a "collection fee". Whether or not this "collection fee" is correct, is immaterial. It can be decreased or increased, but never abated. If it were abated, the collection fee would not exist, and Defendants would be out of money.

79. The Friend of the Court has amassed a fortune operating this way. Consider the amount of individuals who don't know the law; these changes are never documented and people arrive at the F.O.C. with wallets open. Feeling hopeless and powerless.

80. *MCL 552.505 (g)* and *(h)*, list the duties and responsibilities of the Friend of the Court as:

(g) To investigate all relevant facts, and to make a written report and recommendation to the parties and to the court, regarding child custody or parenting time, or both, if ordered to do so by the court. If custody has been established by court order, the court shall order an investigation only if the court first finds that proper cause has been shown or that there has been a change of circumstances. The

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

investigation may include reports and evaluations by outside persons or agencies if requested by the parties or the court, and shall include documentation of alleged facts, if practicable. If requested by a party, an investigation shall include a meeting with the party. A written report and recommendation regarding child custody or parenting time, or both, shall be based upon the factors enumerated in the *child custody act of 1970, 1970 PA 91, MCL 722.21 to 722.31.*

(h) To investigate all relevant facts and to make a written report and recommendation to the parties and their attorneys and to the court regarding child support, if ordered to do so by the court. The written report and recommendation shall be placed in the court file. The investigation may include reports and evaluations by outside persons or agencies if requested by the parties or the court, and shall include documentation of alleged facts, if practicable. The child support formula developed by the bureau under section 19 shall be used as a guideline in recommending child support. The written report shall include the support amount determined by application of the child support formula and all factual assumptions upon which that support

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

amount is based. If the office of the friend of the court determines

from the facts of the case that application of the child support formula

would be unjust or inappropriate, the written report shall also include

all of the following:

(i) An alternative support recommendation.

(ii) All factual assumptions upon which the alternative support

recommendation is based, if applicable.

(iii) How the alternative support recommendation deviates from the child

support formula.

(iv) The reasons for the alternative support recommendation.

81. If an outside agency (Child Protective Services), conducts an

independent investigation, why would the Defendant's not

immediately do the same? If the *Friend of the Court Act, PA 294 of

1982*, is the law that articulates duties, than why has there been no

performance?

82. Lack of documentation indicates, The Friend of the Court either:

1.) Intentionally never documented the correct amount in order to

receive the surcharge fee.

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

2.)     Mistakenly failed to document these facts properly and are

attempting to suppress this information.

83. In either of these instances, they are attempting to collect an unlawful

debt. Under the RICO Act, an unlawful debt is defined as *"a debt that*

*is (A) unenforceable under state or federal law,"*

84. Any further attempts to acquire property, which is not owed or

justified, is **Extortion**.

85. Interpreting the Clayton Act, the Supreme Court has observed that,

"[i]n its dictionary definitions and in common usage 'property'

comprehends anything of material value owned or possessed. Money,

of course, is a form of property." *Reiter v. Sonotone Corp., 442 U.S.*

*330, 342 (1979).* This definition has been applied in RICO actions.

*See, e.g., Canyon County v. Syngenta Seeds, Inc., 519 F.3d 969,976*

*(9th Cir.), cert. denied, 129 S. Ct. 458 (2008).*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

86. If these proceedings are a deviation from the laws put in place to effectively operate an organization, one can only surmise that they are no longer acting in the best interest of either party, but are seeking to enrich themselves.

87. The larger the amount, the larger the surcharge fee; and as Plaintiff stated, the amount is increasing steadily.

**Surcharge fee.**

88. Contemplate for a moment: what agency would be able to acquire incorrect amounts of money illegally, without anyone ever noticing or disputing?

89. The Friend of the Court; why would the IRS or Department of Justice investigate this agency, when all they are doing is collecting money, or rather, giving the impression of collecting money?

90. At one time, Plaintiff was paying $730 monthly for one child, out of a monthly income of $1600.

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

91. While paying $730 a month, the opposing party in the lower circuit court case stated: "I don't receive $730 a month. I get $365."

92. This oddity, has Plaintiff wondering where has all that income gone? More importantly, how much is the "Surcharge Fee"?

## RELEVANT FACTS

93. November 2010. Investigator interviews Plaintiff and minor child.

94. April 29th, 2011-Present. Plaintiff relays there is a conflict of residence.

95. April 2013. Plaintiff arrived at a breaking point and filed a Federal Lawsuit against Referee David Hoffman and Mary Katherine Neumann, for failure to document evidence and statements.

### Defendant Gerald Rosen

96. May 2013, Federal Judge Gerald Rosen contacted the FOC and divulged a lawsuit had been filed.

35

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

### Defendant Cheryl Matthews

97. May 2013, Judge Matthews

98. Violated MCR 2.002 (Exhibit B, B1), MCR 2.611, and MCR 2.612.

99. After Plaintiff declined a court appointed attorney, Judge Matthews ordered Plaintiff to Jail in retaliation for filing a civil lawsuit.

100.     Has burdened Plaintiff with fees for a Court Appointed Attorney, which Plaintiff denied. (Exhibit C, C1)

101.     April 2014 made the statement that she would never place a stay on Plaintiff's case.

### Defendant Michelle Endres

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

102.    Plaintiff conveyed child abuse issues to Defendant on October 22nd, 2012 and April 30th, 2013 when Plaintiff attempted to have fees waived. (Exhibit B, B1)

103.    Defendant appeared at Cheryl Matthew's retaliation hearing and waved at Plaintiff, as if to say "hello".

### Defendant Suzanne Hollyer

104.    Suzanne Hollyer contacted Plaintiff with a taunting letter stating she knew about "lawsuit" that was filed, when no jurisdiction was established.  (Exhibit D)

105.    Attempted to suppress evidence stating, no notes exist on Plaintiff's account about the amount being "Subject to Audit". (Exhibit E)

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

### Defendants David Hoffman and Mary Katherine Neumann

106.    Each of these Defendants was aware from 2011-Present, of the

residency conflict and never documented it.


107.    Both Defendants' have been in constant contact with opposing

party in lower case number and giving advice.


108.    October 31st, 2012 Plaintiff requested a Preliminary Injunction

to structure a business deal. This agreement with Defendant Hoffman

came with two conditions:  (1) Plaintiff would pay for arrearages and

accruing amount out of his tax return. (2) Monthly updates of the

venture would be given to the court. (Exhibit F, F1)


### Defendant Lori Savin

109.    Hearing Held May 8th, 2013: During this hearing Plaintiff

explained to Referee Savin that minor child does not and has not lived

with opposing party for 3 years now; Plaintiff also conveyed he was

sick. (Plaintiff's Health was addressed in Exhibit F1)

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

110.    Referee Savin taunted Plaintiff and said the following: "You should come up with $50 to file a motion." To which Plaintiff responded, "I'm on aid and I don't have $50."

a.  Hearing held May 15th, 2013: Lori Savin lied under oath in a hearing before Judge Matthews. Judge Matthews asked Referee Savin if she knew anything about Plaintiff's past health condition, and Referee Savin said she had no knowledge of Plaintiff ever being sick.

b.  Lori Savin was not the acting Referee at that time, and did not mention that to Judge Matthews. (2) Attorney William Petersmark acknowledged that he and Lori Savin reviewed the monthly communications faxed to the Friend of the Court as stipulated in agreement [See Exhibit F, F1], and the Communication dated for February 17th, 2013 states that "I am receiving medical attention, and my ability of relaying a correspondence has been limited for the past two months."

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

111.    Hearing held August 5th, 2013: Lori Savin refused to acknowledge the notes of previous Referee David Hoffman who noted on my account the arrearage amount in question is subject to audit. (Exhibit E)

112.    After Plaintiff left the hearing room, Referee Savin gave the opposing party legal advice. Plaintiff believed that his ears were playing tricks on him.

113.    That is until the opposing party said the following to minor child and her parents: "The lady from the court told me not to let Will get Troy because he can claim extra days and get his support lowered."

114.    Hearing held October 25th, 2013(Exhibit A): Referee Lori Savin destroyed a transcript. This is what transpired:

115.    Plaintiff told Referee Savin to recuse herself from this case.

40

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

116.    Savin exclaimed she had not broken any judicial canons; however she is unaware Plaintiff over heard her giving legal advice, despite her attempts at disguising her language.

117.    Defendant Savin stated:

118.    "Your son living with his grandparents is equal to him living with his mother."

119.    Plaintiff stated that he was and is paying the incorrect amount of support. Arrearages are erroneous and cannot be enforced. The Friend of the Court has exacerbated Plaintiff's income by insisting Plaintiff pay an amount that is incorrect. Referee Savin stated, "That child support cannot be retroactively modified."

120.    Referee Savin then changed the amount of support to be paid, stating that she recalculated the number of days, based on her theory listed in article 118 above.

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

121.     Referee Savin then stated, "Plaintiff must pay this amount." It was after this statement Plaintiff understood that the Referee was trying her best to intimidate him into compliance by eliciting a state of hopelessness.

122.     Defendant Savin noted on the record that Plaintiff is living in a home with no heat and no electricity.

## Defendant IlyssaCimmino

123.     IlyssaCimmino communicated by letter that she was contacted by the state, and questioned if minor child resides with Father; stated custody order needs to be modified. (Exhibit G)

124.     Defendant Cimmino contacted M. Belill and had minor child removed from food assistance case.

## Defendant M. Belill

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

125.     Defendant Belill, contacted Plaintiff 2 days after hearing with

the Friend of the Court, stating, "Plaintiff said minor child resides

with him Fri-Sun, and child is not entitled to benefits."**(Exhibit H)**

### QUESTIONS OF ACTION

### Gerald Rosen

126.     Why did Judge Gerald Rosen contact the Friend of the Court

and tell them there was a lawsuit filed?

    a.  Is it foreseeable that Gerald Rosen contacting the lower court

       would cause a hostile environment?

    b.  How could Judge Rosen issue a dismissal to Defendants, when

       Plaintiff never served the summons?

### Cheryl Matthews

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

43

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

127.    a.    Why is Judge Cheryl Matthews burdening Plaintiff with attorney's fees, when Plaintiff waived the court appointed attorney? (Exhibit C, C1)

b.    Why did Judge Matthews arrest Plaintiff without letting him speak in his defense on May 15th, 2013?

c. Why did judge Matthews state she would "never put a stay"on Plaintiff's case on April 9th, 2014?

**Suzanne Hollyer**

128.    a. How did Suzanne Hollyer know a lawsuit was filed in Federal Court, if the summons was never delivered? (Exhibit D)

b.    Why did Suzanne Hollyer never respond to Plaintiff's inquiry as to how she found out about the lawsuit?

c.    Defendant Hollyer stated there were no existing notes on Plaintiff's account. If nothing was documented on Plaintiff's account, then why is "Subject to Audit", written next to the

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF MICHIGAN**

arrearage amount on each motion to show cause order? (Exhibit

E)

**Michelle Endres**

129.     a. May 1st, 2013: why did Michelle Endres tell Plaintiff he was

dressed too nice to get his fees waived?

b. Why did the disturbing attached conversation occur? April 30th,

2013-May 8th, 2013 (Exhibit I)

**Lori Savin**

130.     a. October 25th, 2013, why did Lori Savin tell Plaintiff that his

child living with his maternal grandparents was equitable to the child

living with the mother?

131.     b.     If this statement above was true, why was it not on the

written record Lori Savin provided? (Exhibit A)

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

132.     c.     How could Defendant Savin place on paper that Plaintiff

was not trying to secure steady employment, if each month Plaintiff

provides the F.O.C with job search updates? (Exhibit J)


133.     d.     Why were their typographical errors and the transcript

for October 25th, 2013 could not be recorded? (Exhibit A)


134.     e.     Why was Lori Savin upset on August 5th, 2013 when

Plaintiff gave her communication stating that minor child resides with

Plaintiff from Defendant Cimmino? (Exhibit G)


135.     f.     How could Referee Lori Savin label Plaintiff "able

"bodied when the FOC never admitted evidence of health crisis?

(Exhibit J)

136.     g.     Why did Defendant Savin lie under oath on May 15th,

2013?

137.     h.     Why did Defendant Savin tell Plaintiff to file a motion,

when she was aware the Judge Matthews would not allow him too?

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

## M. Belill

138.    a.    Why did M. Belill remove Plaintiff's minor child from food assistance case two days after hearing with Lori Savin? (Exhibit H)

139.    b.    Why did Defendant Belill have an entirely different set of days listed as day's minor child is with Plaintiff?

## IlyssaCimmino

140.    a. Why was IlyssaCimmino present during hearing on October 25th, 2013?

## David Hoffman, Mary Katherine Neumann

141.    a. Why did neither of these Defendants document Plaintiff's disputes?

## General Questions

142.    Why is it that when the court contacts some agency, a decision arises that leads Plaintiff back to the Circuit Court?

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

143.     Why would the court of appeals waive fee's to file in

their court, but not reverse the decision of the circuit court, which

denied fee waiver for no listed reason? (Exhibit K)

144.     The court of appeals denied a motion for not seeking a

stay from the trial court first. How, can an indigentindividual file a

motion with the trial court, if they're blocked from filing motions by

denial of fee waiver? (Exhibit B, B1)

145.     Why did Plaintiff's Court of Appeals Case move in rapid

succession after they were contacted by the Circuit Court? [Occurred

April 9th, 2014.]

146.     March 24th, why did the Friend of the court, have a large

number of people in David Hoffman's hearing room? Normally, only

the Referee and the Defendant is present; all other Defendants must

wait outside until they are called.

147.     Why were there three FOC officers present at this hearing?

48

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

148.     Why was there a deviation from procedure at this hearing?

149.     Why was Plaintiff told to file a motion, when the opposing

party has never had to file a motion? She voices her concerns with the

FOC. Why is there a separate procedure for Plaintiff? Evidence of this

is given on March 24th, 2014 when Defendant Hoffman stated: "Ms.

Wymes wants this to go before the judge."

150.     Further proof is given in this letter from Mary Katherine

Neumann. (Exhibit L). They are in constant contact with each other.

151.     Why has the court blocked all forms of relief for Plaintiff?

152.     How is it that all these mysterious coincidences keep occurring?

## VIOLATIONS OF MICHIGAN COURT RULES

153.     Michigan Court Rules have been developed to ensure proper

operation transpires within the judicial system; however, like all rules

49

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

that are supposed to be followed, the Defendants have yet again deviated from them.

154.    Defendant Cheryl Matthews has broken court rules MCR 2.002, MCR 2.611, and MCR 2.612.

### VIOLATION OF MCR 2.002 AND 28 U.S.C. 1915(a) (1)

155.    PLAINTIFF HAS SHOWN THAT HE IS UNABLE TO PAY THE FEES AND COSTS BECAUSE OF INDIGENCY AND, THEREFORE, HIS APPLICATION MUST BE GRANTED. WAIVING OF FEES IS NOT A PRIVILEGE, IT IS A RIGHT.

156.    The Michigan Court Rules require that the Court waive or suspend filing fees and costs for two categories of individuals: persons receiving public assistance and other indigent persons.  MCR 2.002 (C) and (D).

157.    Specifically, MCR 2.002(C) provides, "If a party shows by ex parte affidavit or otherwise that he or she is receiving any form of

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

public assistance, the payment of fees and costs as to that party shall be suspended."

158.     Similarly, *MCR 2.002(D)*, named "Other Indigent Persons," provides that the court shall waive or suspend fees and costs if a party shows by affidavit or otherwise that she is unable because of indigency to pay fees and costs.

159.     The Michigan Court of Appeals analyzed this provision in *Hadley v. Ramah. 134 Mich. App. 380 (1984).* The Court of Appeals asserted that the "term 'shall' normally denotes a mandatory duty." *Id. at 387 citing State Highway Comm v. Vanderkloot, 392 Mich. 159, 180 (1974); McGrath v. Clark, 89 Mich. App. 194, 197 (1979).* The Court went on to find that the court rule "requires the trial court to waive fees and costs if the litigant seeking the waiver submits an affidavit setting forth her inability to pay the fees and costs due to indigency." *Id. citing Bachor v. Detroit, 49 Mich. App. 507, 513 (1973)* (the court rule mandates the waiver of fees and costs upon the filing of the required affidavit). The Court also noted, "[W]e do

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

not believe that, where the circuit court knows or has reason to believe

that the facts set forth in the affidavit are untrue, the court has no

discretion to do anything other than order the requested waiver of fees

and costs" and suggested that the "circuit court could hold an

evidentiary hearing to determine the financial status of the indigent

requesting a fee waiver." *Id. at 387-8.*

160.     Federal law, specifically *28 U.S.C. 1915 (a),* also permits and

supports Mr. Alexander's eligibility for waiver or suspension of fees

and costs. This federal statute authorizes any court of the United

States to allow an indigent to proceed without payment of fees if the

litigant submits an affidavit that includes a statement of assets and

inability to pay such fees. *28 U.S.C. 1915(a) (1).*


II.     THE DENIAL OF PLAINTIFF'S REQUEST FOR

SUSPENSION/WAIVER OF FEES AND COSTS WOULD BE A

VIOLATION OF HIS FOURTEENTH AMENDMENT RIGHTS


161.     In *Ex Parte Young*, the United States Supreme Court

specifically states the implication of the *14th Amendment. 209 U.S.*

52

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

*123 (1908).* The Court held: "[t]here is no dispute as to the meaning of the Constitution, where it provides that no State shall deprive any person of life, liberty or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws," *Id. at 144.* Accordingly, the denial of Mr. Alexander's request for suspension or waiver of fees/costs after he has shown his indigency pursuant to *MCR 2.002* would be a violation of Plaintiff's 14th Amendment rights.

162.     Moreover, if the Judge does not deny fees, a reason or reasons must accompany "why", an Affidavit of Indigency has been denied. Likewise if a Judge does not believe that a party is indigent, they must request references. None of the prior actions were undertaken.

## VIOLATION OF MCR 2.611

163.     Contained within *MCR 2.611* are the following rules:

(A) Grounds.

53

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

(1) A new trial may be granted to all or some of the parties, on all or some of the issues, whenever their substantial rights are materially affected, for any of the following reasons:

(a) Irregularity in the proceedings of the court, jury, or prevailing party, or an order of the court or abuse of discretion, which denied the moving, party a fair trial.

(b) Misconduct of the jury or of the prevailing party.

(c) Excessive or inadequate damages appearing to have been influenced by passion or prejudice.

(d) A verdict clearly or grossly inadequate or excessive.

(e) A verdict or decision against the great weight of the evidence or contrary to law.

164.     Plaintiff would like to reiterate, any and everything pertaining to the circuit court case is irregular. Particularly the several underlying variables:

1.     Amount of arrearage

2.     Actual residence of minor child

3.     Medical history

4.     Job search

54

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

165.     Disregarded factors constitutes an abuse of discretion, as

identified in *Borowsky v Borowsky, 273 Mich App 666, 672; 733*

*NW2d 71 (2007),* " An abuse of discretion occurs when a court selects

an outcome that is not within the range of reasonable and principled

outcomes." This is a verdict or decision against the great weight of the

evidence (e). Especially when the Defendants never allowed evidence

to be submitted.

### VIOLATION OF MCR 2.612

166.     *MCR 2.612* state that either of the rules contained therein,

entitle a party to relief.

(a) Mistake, inadvertence, surprise, or excusable neglect.

(b) Newly discovered evidence which by due diligence could not have been

discovered in time to move for a new trial under *MCR 2.611(B).*

(c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of

an adverse party.


167.     Evaluation of this rule reveals that the court and all of its agents

have and are committing fraud and misrepresentation. The other party

has also committed fraud and misrepresentation;

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

168.     Plaintiff's child moved in with his mother in January of 2014.
For three [3] years, minor child resided with Plaintiff and maternal
grandparents.

169.     Continuous voicing of this illegal action perpetrated by minor
child's mother denotes a clear and unequivocal change in
circumstance. Any change in circumstance must immediately be
relayed to the court, so that a court and support order can be modified
to reflect the situation. (Exhibit M)

170.     Additionally, the Defendants actions are not in accordance with
laws in that they:

(a)     Contribute to an obviously inequitable situation where a noncustodial
parent could collect child support for substantial periods of time during
which that parent simply did not have custody.

(b)     Violate the mandatory duties imposed by *MCL 400.233* Office of
child support.

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

(c)    Did not require or enforce custodial parent to notify court of address and custody change, violating *MCL 722.31* Legal residence change of child whose parental custody is governed by court order. (Exhibit M)

171.    A continued payment in this case would be the equivalent of spousal support, not child support. Michigan case law reflects that a child not being in the place the court ordered the child to be situated, cites a violation.  Such a violation results in the cancel of arrearages, as illustrated in *Pronesti v. Pronesti 368 Mich. 118 N.W.2d 254 453 (1962)*

172.    Further consideration of this "idea" of support enforcement, when the location [residence], of the child is in conflict, has been held as absurd in numerous custody cases nationwide.

173.    Quoting, *"In Interest of Doe, 917 S.W.2d 139, 142 (Tex. App.- Amarillo 1996),*

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

174.     "[When] custody is changed from one parent to the other

parent, no valid justification remains for requiring the new custodial

parent to continue payments that are intended to be purely for the

support, benefit, and best interest of the child. The child's best

interests cannot be served by continuing the prior support

arrangement, as the child is not benefitted by the new custodial parent

continuing to provide support to the non-custodial parent.

Consequently, such a support agreement serves no purpose for the

child after custody changes, and would only confer a personal benefit

upon the non-custodial parent if the payments were allowed to

continue."

175.     The custodial parent has failed to disclose information

concerning living arrangements of minor child; that is a conflict of the

previous court order, and as stated beforehand, this is a clerical error

and a fault of the Friend of the court. This should have been

documented.

176.     Plaintiff would like to refer to, *Brady v. Brady, 225 Kan. 485,*

*592 P.2d 865 (1979),* in which the court introduced the theory known

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

as "Automatic Termination of Obligation by Operation of Law." As applied,

177.   "The new custodial parent's obligation is terminated by operation of law upon a permanent change of residence by the child, even if that permanent change is not under court order."

178.   *Pronesti v Pronesti*, *Brady v Brady* and *In Interest of Doe*, all hold identical rulings, which signify that relief is obtainable and if this court were to keep with the theory, relief is "mandatory". It seems however, that not one of the Defendants care about court rules or any rules for that matter.

179.   Irregularities of proceedings, signified in *MCR 2.611*, refusal to waive fees *MCR 2.002*, a mandatory obligation under both Michigan and Federal Law, and executing fraud rather it be "intrinsic" or "extrinsic", entitle Plaintiff to relief under *MCR 2.612*.

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

180.     To "exclude" these rules intentionally is disturbing to say the

least. Rules of court conduct are the pillars of legal society

everywhere. If these rules were discounted, Judges and judiciary

officers everywhere would become loose cannons.

### Conspiracy

181.     By contacting the lower court, Gerald Rosen was in violation of

Federal Rule of Civil Procedure 4(c). A summons must be served to

establish jurisdiction.

182.     As a Judge, Gerald Rosen could have easily foreseen that

contacting the opposing party would incite a hostile environment. The

original complaint filed by Plaintiff, was flawed in several aspects.

Elements themselves were not clearly defined, but the problem, which

is the list of conflicting factors, was and is clearly perceivable. A Pro

Se litigant cannot be held to the same strict rules as that of an

attorney, for the reason that a Pro Se litigant is not knowledgeable of

the rules and elements of law in their entirety.

183.     "[a] pro se litigant's pleadings are to be construed liberally and

held to a less stringent standard than formal pleadings drafted by

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

lawyers. We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."*Hall v. Belmon, 935 F.2d 1106, 1110 (10th Cir. 1991)*

184.    The Defendant simply did not want to entertain the issues, which Plaintiff finds, no Judge wants to entertain directly, the issues and stresses associated with Family Court. It is a strenuous task, to sort through the problems of others.

185.    At what point, will a Judge step in and say, "Enough is enough." Defendant Rosen refused to, citing that there was no relief that could be granted, when that is a false and fraudulent statement.

186.    "[W]henever a plaintiff states an arguable claim for relief, dismissal for frivolousness under § 1915(d) is improper, even if the

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

legal basis underlying the claim ultimately proves incorrect."

*McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir.1991) (emphasis in original) (citing Neitzke, 490 U.S. at 328, 109 S.Ct. at 1833).*

187.    Relief can be granted through several different mediums:

1.    Arrears can be abated.

2.    Investigation could be commenced.

3.    Judge themselves can question the outside agency.

4.    Judge can question minor child in chambers.

5.    Judge can place a stay on the proceedings to discover the core issues, and whether or not they've been addressed with the Friend of the Court. Yet, no one has done anything. If the rules and laws were improperly applied, Judge Rosen had the choice to request an amended complaint, in which litigant was to clearly apply the principals of law to the best of his ability.

188.    Once again, nothing was done, except to further barricade Plaintiff from re-filing lawsuit saying such suit was frivolous and malicious, and Plaintiff would have to pay to re-file. How can a suit

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

be malicious, when the moving party is the victim and clearly at a legal disadvantage?

189.     Another question worth posing is, how can you bar a person receiving state assistance from re-filing or amending anything, when the problem in and of itself is clearly defined?

190.     Judge Rosen was well aware of the problem, and yet he disregarded the entire suit, and the case law applied. Each case provided was relevant case law that affirms, "Support is unenforceable when the child is not in the residence that he or she is supposed to reside at. Support is for the benefit of the child, if the child is not there, that is unjust enrichment."

191.     He deemed listings of case law as flawed, because it was not written or applied in the similar manner of a lawyer. His judgment in interpreting the case was prejudicial from the beginning, since he contacted the Defendants.

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

192.     Therefore, Defendant Rosen is as much an accomplice, as the others, since he turned a blind eye and further incited an already hostile situation.

193.     Judge Matthews and the other Defendants are equally as guilty. Each contributed to this problem equally and proceeded without fear of consequence, when they could have offered similar forms of relief listed above.

194.     What's more disturbing than their actions, is the great lengths the Defendants have ascended, to conceal these actions.

195.     Is it a coincidence, that every time the Defendants contacted an agency, that agencyremanded or altered opinions and judgments, to placate a group of politically powerful tyrants seeking favors? (Exhibit H, Exhibit K)

196.     The definition of "Conspiracy", as it is to be understood, is "a secret plan by a group to do something unlawful or harmful."

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

197.    Sheer obviousness of reoccurring "coincidences" proves not

only conspiracy, but also intent to commit conspiracy. Plaintiff has

been faced with 3 separate incidents where the Defendants have

manipulated various state agencies.

198.    Is it a coincidence that after Plaintiff's hearing August 5th,

minor child would be removed from food assistance case two days

later? Minor child was on food assistance case since September of

2012. (Exhibit H)

199.    Inspector Dory Bryant noted the day's minor child is in

Plaintiff's custody. They are listed as Friday, Saturday, Sunday,

during the school year, all school breaks, and alternating in summer,

with Plaintiff having custody Thursday-Sunday, or Wednesday-

Sunday.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

200.     Each week is subject to change. There might be Monday to Wed, with him coming back Friday afternoon, or some alternative. Problems arise however, when M. Belill chose to write, what days Plaintiff *"said"* he had custody.

201.     This clearly is a statement M.Belillwas told byIlyssaCimmino. Plaintiff knows what days he cares for child.

202.     Plaintiff disputed the decision, but could not attend the Administrative hearing due to a parental medical emergency. *See* Dismissal and Parental Emergency. (Exhibit N, N1)

203.     Is it also a coincidence, that Plaintiff's case in the court of appeals, was denied, simply because it didn't comply with court rule MCR 7.209 (A) (2)?

204.     You can't seek a stay in the lower court without filing a motion. If fees won't be waived then how can a party comply? (Exhibit B, B1) More importantly, how can an argument lack merit when the Judge did not comply with the rules necessary for such a denial?

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

205. There are more unanswered and disturbing questions. Why would the Michigan Court of Appeals, a tribunal that only deals in questions of law, waive fees for a case in their court, but refuse to waive fees for a case in the lower court? (Exhibit K)

206. Fee issues were the reason for going to the Court of Appeals, since Plaintiff could not file motions in defense or submit evidence. Lori Savin repeatedly taunted Plaintiff by exclaiming, "You never filed a motion!"

207. Why would Plaintiff have to file a motion, if the opposing party never has? The letter [Exhibit L] sent from Mary Katherine Neumann, does not have a motion or written complaint attached to it. That means the other party phoned in her complaint.

208. So why is it that Plaintiff's complaints have never been documented?

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

209.    If evidence tells a story than conspiracy is exactly what was and

is happening here; evidence screams suppression and conspiracy. In

fact the Defendants actions are so sinister, Machiavelli looks like a

cherub in comparison.

**Concluding Summary of the Interaction Among the Defendants, Their Use of the RICO Enterprise and Commission of Extortion, Bribery and Mail Fraud.**

210.    Hoffman/Neumann originally handled this case, yet failed to

document proceedings properly. When Plaintiff began to voice issues

of residence conflict and abuse, they simply ignored Plaintiff.

211.    Rosen/Matthews- Judges who attributed to the scheme, by

denying any kind of relief, when relief was obtainable.

212.    Endres- Individual whom child abuse allegations were directed

to, who did nothing.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

213.    Cimmino/Hollyer/Belill/Savin/- Defendants who were aware of conflict of residence, and did not step forward to address the issues.

214.    Each Defendant has endorsed this insane drama in a variety of ways; remedies were readily available:

1.    Arrearage can be abated.

2.    Investigation could be commenced.

3.    Judge themselves can question the outside agency.

4.    Judge can question minor child in chambers.

5.    Judge can place a stay on the proceedings to discover the core issues, and whether or not they've been addressed with the Friend of the Court. This Court has just witnessed an "ungodly" number of "coincidences".

## VII.
## CAUSES OF ACTION

## VIOLATIONS OF THE MAIL AND WIRE FRAUD STATUTES

### 1.  Mail and Wire Fraud Statutes.

69

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

215.     18 USC §1341, "Frauds and Swindles" provides that it is a

violation of the statute to use the mail to commit fraud.

216.     The Wire Fraud Statute, 18 USC §1343 "Fraud by Wire, Radio

or Television" provides that it is a violation of the statute if

anyone transmits or causes to be transmitted by means of wire

(which includes telephone or internet) any communication

for the purpose of executing a scheme or artifice to

defraud.

### A. **Civil RICO –Mail and Wire Fraud.**

217.     Plaintiff realleges and incorporates, as though fully set forth
herein, each and every allegation contained above.

218.     *18 USC §1964(c)* provides a private right of action for

mandatory treble damages, costs and attorney's fees to "any person

injured in his business or property by reason of a violation of *§1962(c)*

which makes it "unlawful for any person employed by or associated

with" a RICO enterprise "to conduct or participate . . . in the conduct

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

of such enterprises affairs through a pattern of racketeering activity" including "mail fraud and wire fraud."

219.    Defendant's not only mailed incorrect amount with language "subject to audit" (Exhibit E) written on it to Plaintiff, but also mailed and or emailed an incorrect amount to the Department of Treasury.

220.    *§1961(1)(B)*, mail fraud, *18 USC §1341*, frauds and swindles and wire fraud, *§1343*, which prohibits use of the mails or any interstate wire transmission for the purpose of implementing a scheme to defraud for the purpose of obtaining money. All Defendants conspired to, and did, operate their Friend of the Court as a RICO enterprise to defraud Plaintiff, out of money by means of mail and wire fraud, by communicating an incorrect amount to the IRS, for income withholding.

221.    Every Defendant consented to communicating this incorrect amount, and did not prevent, or contest it.

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

222.     Defendants, individually and in conspiracy with one another, are all RICO persons who violated RICO by engaging in (1) "racketeering activity," (2) conducted through a "pattern," (3) affecting an "enterprise," (4) impacting interstate commerce. Defendants violated *18 USC §1962(c),* by conducting and participating in the conduct of the affairs of an enterprise (Contorted Friend of the Court) that is engaged in or affects interstate commerce through a pattern of racketeering activity (mail and wire fraud) as alleged herein. Defendants also violated *18 USC §1962(d)* by conspiring as alleged herein to violate *18 USC §1962(c)*. All of Defendants' predicate acts have a similar purpose – to acquire substantial sums of Plaintiff's money, to unjustly enrich a third party.

223.     Defendants' repeated and persistent use of interstate mail and wire transmission to commit and perpetuate their fraud is related in time and purpose, is continuing, threatens to continue indefinitely into the future and constitutes a pervasive "pattern" of racketeering activity.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

224.     Defendants recognized that this arrearage amount "was" and "is" incorrect [Exhibit E, Exhibit O], and yet, purposely sent an incorrect amount of monies owed, across state lines, via mail and or wire, to the U.S. Department of Treasury.

225.     Plaintiff would not be able to contest the erroneous amount with Treasury; signifying that these actions are deliberate in will to cause undue economic hardship.

226.     Plaintiff testified on the record the Friend of the Court has exacerbated his income by insisting he pay an amount that is incorrect. Referee Savinmade no note of this on the record. In fact, Defendant Savin destroyed the transcript.

227.     It was the intention of Defendant's to commandeer Plaintiff's property by giving false information to the Treasury Department.

228.     Every show cause hearing retains the language "Subject to Audit", adjacent to the incorrect calculated amount. [Exhibit E]

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

229.     Under Michigan law, "fraud is an intentional perversion or concealment of the truth for the purpose of inducing another in reliance upon it to part with some valuable thing or to surrender a legal right." *Eaton Corp v Easton Assocs, Inc, 728 F2d 285, 292 (6th Cir 1984) (quoting Barkau v Ruggirello (On Rehearing), 113 Mich App 642, 647, 318 NW2d 521 (1982)).*

230.     Each of the Defendants purposely concealed that Plaintiff was and is contesting the amount owed and calculated based on these factors:

(a)     Conflict of residence.

(b)     Change of residence was not documented.

(c)     Amount of monthly payment must be adjusted to reflect above changes.

(d)     Arrearage amount must be abated, given reasons (a)-(c).

(e)     Child is being mentally and emotionally abused, and it is affecting his overall behavior.

231.     As stated in the Section of Mail Fraud, each show cause motion has the language "Subject to Audit", next to the amount. Defendant

74

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF MICHIGAN**

David Hoffman has yet to put why the amount in question is subject
to audit.

## B. Civil RICO – EXTORTION/BRIBERY

232.    Plaintiff realleges and incorporates, as though fully set forth
herein, each and every allegation contained above.

## EXTORTION

233.    *18 USC §1964(c)* provides a private right of action for
mandatory treble damages, costs and attorney's fees to "any person
injured in his business or property by reason of a violation of *§1962(c)*
which makes it "unlawful for any person employed by or associated
with" a RICO enterprise "to conduct or participate . . . in the conduct
of such enterprises affairs through a pattern of racketeering activity"
including "extortion, bribery,

234.    All Defendants conspired to, and did, operate as a RICO
enterprise to defraud Plaintiff, out of money by means of extortion
and bribery. Every Defendant participated in obtaining money from

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

Plaintiff by employing "terror tactics", through the use of their RICO enterprise.

235.     As stipulated in *1962(c)* Defendants, individually and in conspiracy with one another, are all RICO persons who violated RICO by engaging in the (1) "conduct" of (2) an enterprise (3) through a "pattern," (4) "of racketeering activity." *Richmond v. Nationwide Cassel, L.P., 52 F.3d 640,644 (7th Cir. 1994).*

236.     Defendants violated *18 USC §1962(c),* by conducting and participating in the conduct of the affairs of an enterprise that is engaged in a pattern of racketeering activity (extortion and bribery) as alleged herein.

237.     Defendants also violated *18 USC §1962(d)* by conspiring as alleged herein to violate *18 USC §1962(c).* All of Defendants' predicate acts have a similar purpose - to compel minority males to pay erroneous amounts of "unlawful debt."

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

238.     The method of commission of the fraud has been virtually

identical and was scripted by the principal participants in the

fraudulent scheme. Defendants' repeated and persistent use of

interstate mail and wire transmission to commit and perpetuate their

fraud is related in time and purpose, is continuing, threatens to

continue indefinitely into the future and constitutes a pervasive

"pattern" of racketeering.

239.     Each of the Defendants have committed the act of Extortion as

defined by *MCL 750.213* and *U.S.C §1962(c)*.

   a.   The elements of extortion as pointed out by Justice N.J.

     KAUFMAN:

*Id*, 332 "1) a communication,

2) Threatening accusation of any crime or offense or any injury to the

person or property or mother, father, husband, wife, or child of

another,


3) With intent thereby to extort money or pecuniary advantage as to

compel the person so threatened to do or refrain from doing an act

against his will."

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

*People v Krist, 97 Mich App 669, 675; 296 NW2d 139 (1980), lv den 409 Mich 936 (1980).*

240.    Defendant Lori Savin made the statements October 25th, 2013: "Child support cannot be retroactively modified."

241.    "Your son living with you and his grandparents is equal to him living with his mother."

242.    Referee Savin then changed the amount of support to be paid, stating that she recalculated the number of days, based on her theory listed in line 241, above.

243.    Defendant Cheryl Matthews had Plaintiff falsely arrested on May 2013, with full knowledge that the amount of arrearage was and is incorrect.

244.    Each of the actions above were said and done, to compel Plaintiff to pay an incorrect amount of child support, which he

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

maintains is incorrect. The Defendants have communicated [1] via

mail, and actions that they have, [2] no problem arresting Plaintiff

[injury], to acquire an unlawful debt and or incorrect amount of

money (pecuniary advantage) against Plaintiff's will [3].

245.     According to *Evans v. United States, 504 US 255 - Supreme*

*Court 1992, id 261* "Congress has unquestionably expanded the

common-law definition of extortion to include acts by private

individuals pursuant to which property is obtained by means of force,

fear, or threats."

## **BRIBERY**

246.     Plaintiff realleges and incorporates, as though fully set forth
herein, each and every allegation contained above.

247.     In addition to the RICO Statue definition of Bribery, the

Defendants have also violated *MCL 750.122*, which reads:

1) A person shall not give, offer to give, or promise anything of value

to an individual for any of the following purposes:

(a) To discourage any individual from attending a present or future

official proceeding as a witness, testifying at a present or future

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

official proceeding, or giving information at a present or future official proceeding.

(b) To influence any individual's testimony at a present or future official proceeding.

(c) To encourage any individual to avoid legal process, to withhold testimony, or to testify falsely in a present or future official proceeding.

  a. The Defendants are in essence undertaking the following two behaviors: "discouraging" Plaintiff (witness) from testifying that there was a conflict of residence, and that they failed to properly document it (a).

  b. (c) Encouraging Plaintiff to avoid the legal process by "bribing" Plaintiff to pay an incorrect amount, in exchange for freedom, as if freedom were a gift [1], when it actuality, it is Plaintiff's God given right.

Plaintiff's damages are included by not limited to:

1. Being purposely forced into impecuniosity.

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

2.      Lost $20,428 in revenue, that should have never been seized.

3.      Been unjustly incarcerated.

4.      Developed "Anxiety", as a direct result of Defendants behavior, as noted by 15 medical professionals.

5.      Effected Plaintiff's college courses negatively.

248.    Plaintiff is to recover mandatory treble damages, cost and attorney's fees under *18 USC §1964(c)*. This Court should also order appropriate relief under *18 USC §1964(a)*.

### **Violation of 42 U.S.C. § 1985 (2), Fourteenth Amendment**

249.    Plaintiff realleges and incorporates, as though fully set forth herein, each and every allegation contained above.

250.    Statutory framework of *42 U.S. Code § 1985 (2),* states it is illegal to "conspire to deter, by force, intimidation or threat, any party or witness from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified."

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

251.    Plaintiff gave testimony on October 25th, 2013 that there was a

conflict of residence, and the arrearage and monthly support amount

were and are erroneous.

252.    Defendant Savin attempted to deter Plaintiff by saying, "Your

son living with you and his grandparents is equal to him living with

his mother." Not only is that a false and misleading statement, it

holds no grain of truth whatsoever.

253.    Moreover, Plaintiff's dissent was not recorded, and the

recording itself, just so "happened", to contain typographical errors

and muffled sounds.

254.    Each Defendant herein, did have knowledge and conspire to

intimidate Plaintiff by force, and threat, from testifying to a matter

pending therein, freely, fully and truthfully, "that the amount in

question is not only incorrect, but is incorrect and steadily increasing".

82

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

255.    With these actions Defendants sought to injure Plaintiff in a myriad of ways, including mental anguish (torture), false imprisonment, and exclusion of evidence. The Defendants are using governmental law to burden Plaintiff's protected liberty interest and or property interest.

256.    If Plaintiff's dispute of arrearage amount is not documented on the record, other than on transcripts (that may or may not have mysterious typographical errors), that is a premeditated action.

257.    The 14th Amendment guarantees procedural due process. There can be no Procedural Due Process if acts necessary to properly obtain Plaintiff's property are omitted; this is an unjustified act, and a violation of the 14th amendment.

258.    Citing *Carey v. Piphus, 435 US 247,* the Illinois Supreme Court identified the clause's purpose:

259.    "Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property."

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

### Violation of 42 U.S.C. § 1985 (2), Eighth Amendment

260.     Plaintiff realleges and incorporates, as though fully set forth herein, each and every allegation contained above.

261.     The eighth amendment is explicit in its statement of cruel and unusual punishment.

262.     In *Furman v. Georgia, 408 U.S. 238 (1972)*, the United States Supreme Court relied on what constitutes cruel and unusual punishment. Chief Justice William Brennan wrote the following:

263.     "There are, then, four principles by which we may determine whether a particular punishment is 'cruel and unusual'."

1.     The "essential predicate" is "that a punishment must not by its severity be degrading to human dignity," especially torture.

2.     "A severe punishment that is obviously inflicted in wholly arbitrary fashion."

3.     "A severe punishment that is clearly and totally rejected throughout society."

4.     "A severe punishment that is patently unnecessary."

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

264.    Cruel and unusual punishment is a behavior or behaviors, which can only be described as "torture"; whether these tortures are mental or physical, is of no consequence. The fact is, that to deliberately inflict severe physical or psychological pain and possibly injury to a person, amounts to cruel and unusual punishment.

265.    The Defendants in their repeated acts of omission have allowed Plaintiff's minor child to be emotionally and mentally abused. As of January 2014, Plaintiff's minor child maternal grandmother was diagnosed with terminal cancer.

266.    As a result of this, minor child has moved in with his mother. His behavior has deteriorated ever since, as his school record for the month of January will show, and he is now receiving daily progress reports, because in January, he created a "die list". This is a considerable contrast to the kind of child he is.

267.    Plaintiff relayed to Michelle Endres in October 2012 and April 28th, 2013, and Lori Savin that minor child would be subject to danger, which is why Plaintiff continuously pointed out Child

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Protective Services and their independent investigation during hearings.

268.     Attached you will find the disturbing comments made by minor child's mother.

269.     This form of mental abuse could have been avoided entirely, if any of the Defendants would have initiated an investigation as is their responsibility under *MCL 552.505 (g)* and *(h)* which are quoted on P. 30 of this complaint, and state, *"The duties of the Friend of the Court are to investigate all relevant facts."*

270.     None of these were done, and Plaintiff's concerns were dismissed for three years, and not evenly properly documented. Giving the impression to any outsider, that Plaintiff just doesn't want to pay support, which is not at all the issue. Plaintiff is being required to pay support for a child, who hasn't been where the "court order" said "he should be."

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

271.     Adding further insult to injury, not one of the Defendant's has

questioned minor child in chambers, which is how investigations are

conducted.

272.     Nor have they allowed Plaintiff to Subpoena documents from

Child Protective Services, which would illustrate that this has been a

reoccurring problem for years.


273.     Clinging to the four principles mentioned by Chief Justice

William Brennan, by which *"we may determine whether a particular

punishment is 'cruel and unusual"*,

274.     Plaintiff ask this court, what can be more degrading to human

dignity then the mental and emotional abuse of one's own child? [1]

In what universe is it conceivable that any presiding presence ignore

one party for the duration of three years? [2] If the fourteenth

amendment advocates procedural due process, then ignoring one party

in favor of another is obviously an "action rejected throughout

society." [3] These actions can only be conceived as a punishment,

which is harsh and does not fit within the parameters of normalcy.

The defendants have no reason to inflict or elicit such unusual

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

behavior; [4] they have no legitimate cause to proceed, and all such actions are wholly unnecessary.

275.    Communication is what human beings rely on. It is the reason we are taught to speak clearly, and is thus the reason for the progression of society. So how can ignoring a person for an unprecedented number of years be acceptable to anyone who is in control of any judicial proceeding?

276.    These actions would drive a reasonable person insane or to act outside of the scope of normalcy. How else can a reasonable person categorize actions of court staff when one repeatedly voices the same claim and that claim is not only ignored, but never written on the record?

277.    For violations of not only *U.S.C. § 1985 (2)*, but violations of the 8th and 14th Amendments, Plaintiff cites relevant case law of *Volunteer Medical Clinic, Inc. v. Operation Rescue, 948 F.2d 218 (6th Cir. 1991).* The Sixth Circuit clarified the application of *U.S.C.*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

*§1985*, stating "The Defendants are acting as private actors, and as

such, can be held liable for deprivations of constitutional rights." [43]

### Violation of MCL 750.136B (Child Abuse)

278.     *MCL 750.136b* recognizes child abuse as the following:

(b) "Cruel" means brutal, inhuman, sadistic, or that which torments.

(g) "Serious mental harm" means an injury to a child's mental condition or

welfare that is not necessarily permanent but results in visibly demonstrable

manifestations of a substantial disorder of thought or mood which

significantly impairs judgment, behavior, capacity to recognize reality, or

ability to cope with the ordinary demands of life.

(2) A person is guilty of child abuse in the first degree if the person

knowingly or intentionally causes serious physical or serious mental harm to

a child. Child abuse in the first degree is a felony punishable by

imprisonment for life or any term of years."


279.     All Defendants have been made aware of the infliction of

Mental and Emotional abuse perpetrated by the mother of minor child

in case. Plaintiff voiced this on several occasions, while attempting to

have the child questioned, and the records of Child Protective

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Services subpoenaed. By ignoring Plaintiff and allowing the actions of minor child's mother, child abuse has been and is being allowed by the Defendants.

280.    Each time Plaintiff files a motion or takes any form of legal action, the mother of minor child verbally and mentally abuses the child in question. Statements minor child is forced to endure are listed as [Exhibit P] from past to most recent. [This is written in script dialogue.]

### Direct Injuries

281.    Plaintiff realleges and incorporates, as though fully set forth herein, each and every allegation contained above.

282.    As a result of the Defendant's continuous illegal actions, Plaintiff suffers from Anxiety. A diagnosis not easily concluded.

283.    Relentless and constant mishandling of this case has resulted in deterioration of Plaintiff's health. Plaintiff has visited 15 physicians over the course of a year to explain symptoms of fatigue, disorientation, enlarged lymph nodes, abdominal pain, unexplained weight gain and geographical tongue.

90

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

284.     Each physician is a specialist in his or her designated field, and have each concluded that Plaintiff suffers from "Anxiety", dealing with this situation.

285.     This includes oncologist Stephen Schwartz of Huron Valley Hospital, Dr. Bruce Terrio and most recently Mack Ruffin, head of the University of Michigan research team. (Exhibit J)

286.     Recently the primary concerns of Dr. Mack Ruffin of the University of Michigan Research Team was and is Plaintiffs swollen lymph nodes, digestion system failure, and what appears to be anxiety, brought on by this situation.

Exhibit J attached MEDICAL DETAILS

287.     The Defendants in depth knowledge of this situation in its entirety, and lack of action makes them a contributor to the problem. As listed above, there was and is nothing preventing the Defendants from questioning Plaintiff's minor child in chambers, and then contacting minor child's mother to dispute the allegations. To do so

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

would have concluded this situation years ago. Plaintiff has no idea what she would do or say to minor child, if she discovered he conveyed these disturbing statements.

### **Immunity and Quasi Immunity**

288.    Those who have misused or abused their power frequently invoke immunity. Majority of the defendants have acted within the capacity as Judge at some point or another in Plaintiff's circuit court case.

289.    Plaintiff must apply case law, to better illustrate to this court, why any immunity must be stripped under the Supremacy Clause of the United States Constitution.

290.    Landmark textbook approaches to Judicial Immunity are *Bradley v. Fisher, 13 Wall. 335 (1872)* and *Stump v. Sparkman, 435 US 349 - Supreme Court 1978.*

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

291.      "A judge is absolutely immune from liability for his judicial

acts even if his exercise of authority is flawed by the commission of

grave procedural errors. The Court made this point clear in *Bradley,*

*13 Wall., at 357*, where it stated "[T]his erroneous matter in which

[the court's] jurisdiction was exercised, however it may have affected

the validity of the act, did not make it any less a judicial act; nor did it

render the defendant liable to answer in damages for it at the suit of

the plaintiff, as though the court had proceeded without having any

jurisdiction whatever...."


292.      Immunity was revisited in *Pierson v. Ray, 386 U. S., at 554*:


293.      "[I]t `is . . . for the benefit of the public, whose interest it is that

the judges should be at liberty to exercise their functions with

independence and without fear of consequences.'. . . It is a judge's

duty to decide all cases within his jurisdiction that are brought before

him, including controversial cases that arouse the most intense

feelings in the litigants. His errors may be corrected on appeal, but he

should not have to fear that unsatisfied litigants may hound him with

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation."

294.     Supporting the aforementioned, Plaintiff must allege and affirm that "Immunity" or rather the shield of Immunity cannot be invoked, citing the belief that the three dominant case law opinions normally drawn on are inoperative.

295.     Factors of Immunity rely on assertions that alternative methods exist for the vindication of litigant rights. However, immunity cannot be invoked when there is a complete absence of normal judicial proceedings. In the case of *Stump v. Sparkman,* the three dissenting Justices Stewart, Marshall and Powell agreed thus:

296.     "Underlying the Bradley immunity, then, is the notion that private rights can be sacrificed in some degree to the achievement of the greater public good deriving from a completely independent

94

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

judiciary, because there exist alternative forums and methods for vindicating those rights. [1]

297.    But where judicial officer acts in a manner that precludes all resort to appellate or other judicial remedies that otherwise would be available, the underlying assumption of the Bradley doctrine is inoperative. See *Pierson v. Ray, supra, at 554.* [2] In this case, as MR. JUSTICE STEWART points out, *ante, at 369,* Judge Stump's unjudicial conduct insured that "[t]here was and could be no appeal." The complete absence of normal judicial process foreclosed resort to any of the "numerous remedies" that "the law has provided for private parties." *Bradley, supra, at 354.*

298.    In sum, I agree with MR. JUSTICE STEWART that petitioner judge's actions were not "judicial," and that he is entitled to no judicial immunity from suit under 42 U. S. C. § 1983."

299.    Normalcy in relation to Plaintiff's circuit court case does not exist; in addition Plaintiff's attempts at normalcy have been eradicated. Cheryl Matthews and all acting judiciaries have made sure

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

that no appeal or relief can be granted or even entertained; acts

implemented were devised to force Plaintiff into capitulation.

300.    Defendants have communicated through various mediums with

other agencies and or individuals, who have supported their actions of

hindrance. All the evidence Plaintiff provided in support of these

claims cannot be disputed and demonstrate intentional inflictions of

malice.

301.    To further validate this position, Plaintiff re-introduces

supplementary case law of *Ex-Parte Young*. Individuals acting in the

capacity of a state are often called upon to enforce the laws of that

state.

302.    However, these laws and actions cannot come into direct

conflict with our United States Constitution, which is the highest law

of the land. Giving a brief synopsis of *Ex-Parte Young*,

303.    "Young contended that he was merely acting for the state of

Minnesota when he sought to enforce its laws. The Court disagreed,

96

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

holding that when a state official does something that is unconstitutional, the official cannot possibly be doing it in the name of the state, because the Supremacy Clause of the Constitution means that the Constitution overrides all the laws of the states, invalidating any contrary laws.

304.    Therefore, when a state official attempts to enforce an unconstitutional law, that individual is stripped of his official character. He becomes merely another citizen who can constitutionally be brought before a court by a party seeking injunctive relief.

305.    The Court, in laying out this doctrine, created two legal fictions:

1. That such a suit is not against the state, but merely against the individual officer, who cannot be acting on behalf of the state when he enforces a law that is unconstitutional; and

97

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

2. An individual can be a state actor for *Fourteenth Amendment* purposes (which only prohibits unconstitutional act by the state, and those who represent it) while remaining a private person for sovereign immunity purposes."

306.    Plaintiff places emphasis on the "duties", of court officials. Court officials acting on behalf of the state are responsible for enforcing that states laws. Laws in general hold various degrees of flexibility, which any Judge or acting Judiciary may apply or refrain from at their leisure; however, a conflict arises when the laws that bind these officials are either ignored or disregarded, because they conflict with the U.S. Constitution.

307.    Conduct becomes particularly heinous, when acting state officials assume that a pro se litigant is ignorant of the law and begin to apply illegal tactics.

308.    For this reason Plaintiff insist that this court render any previous case law inoperative, and proceed with stripping the

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF MICHIGAN

defendants of any immunity that they would invoke and demote the

Defendants to private citizenship.

## A. Breach of Judiciary Duty.

309.     Plaintiff realleges and incorporates, as though fully set forth
herein, each and every allegation contained above.

310.     Defendants owed Plaintiff a Judiciary duty as a result of their

position within the Court. Further, Referee Hoffman was a "presiding

official", as was Referee Savin,Judge Matthews, and Judge Rosen,

who were obligated to initiate an investigation or allow evidence to be

entered for review.

311.     The actions of the Defendants as described above constitute a

breach of their judiciary duties thereby causing Plaintiff damage for

which he sues. Plaintiff further sues (each) Defendant for

disgorgement of all funds obtained as a result of the breach of

judiciary duties by Defendants and any of their agents or conspirators.

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

312.    Defendants also owed Plaintiff a judiciary duty as a result of their position, to investigate all allegations of child abuse, physical or mental; as this is required by any state official.

313.    Defendants have breached their duty of trust by nurturing an illegal entity, using Plaintiffs' funds to unjustly enrich an individual, failing to adequately or timely document Plaintiffs concerns, failing to put the interests of Plaintiffs minor child first, and otherwise engaging in the conduct complained of herein. Defendants are strictly liable for all losses suffered by Plaintiff as a result of Defendants' breach of their judiciary duties all for which Plaintiff sues. Plaintiff also sues for cost of future psychiatric counseling of Plaintiff and minor child.

## B.    Unjust Enrichment.

314.    Plaintiff realleges and incorporates, as though fully set forth herein, each and every allegation contained above.

315.    Defendants obtained funds and profits from Plaintiff by fraud perpetrated by the Defendants and then contributed the funds to an absentee third party.  Defendants' conduct gives rise to a cause of

100

PLAINTIFFS' ORIGINAL COMPLAINT – CIVIL RICO