UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

William Alexander,

    Plaintiff,

v.                                    Case No. 14-12249

Gerald Rosen, *et al.*,             Honorable Sean F. Cox

    Defendants.
_____/

**ORDER**

Acting *pro se*, William Alexander ("Plaintiff") filed this action against multiple Defendants.

**1.    This Court Declines To Exercise Supplemental Jurisdiction Over Any State-Law Claims In This Action And Dismisses All State-Law Claims Without Prejudice.**

Plaintiff asserts federal question jurisdiction over his RICO claim and asks the Court to exercise supplemental jurisdiction over his state-law claims.

The applicable statute regarding supplemental jurisdiction, 28 U.S.C. § 1367, provides, in pertinent part, that district courts may decline to exercise supplemental jurisdiction over a claim when:

>  1) the claim raises a novel or complex issue of State law;
>  2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
>  3) the district court has dismissed all claims over which it has original jurisdiction, or
>  4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Having reviewed the state law claims in Plaintiff's complaint, this Court concludes that Plaintiff's state-law claims predominate. 28 U.S.C. § 1367(c)(2). In addition, the Court finds that the potential for jury confusion in this case would be great if Plaintiff's federal claim were presented to a jury along with Plaintiff's state-law claims. Thus, the potential for jury confusion is yet another reasons for this Court to decline to exercise supplemental jurisdiction over Plaintiff's state-law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *Padilla v. City of Saginaw*, 867 F.Supp. 1309 (E.D. Mich. 1994); 28 U.S.C. § 1367(c)(4).

Accordingly, the Court hereby **DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION** over any state-law claims asserted by Plaintiff and **DISMISSES WITHOUT PREJUDICE** all state-law claims asserted in Plaintiff's Complaint.

2.      **The Court Grants Plaintiff's Application To Proceed *In Forma Pauperis*.**

Indigent litigants may request a waiver of filing fees under 28 U.S.C. § 1915, but such requests must be accompanied by an "affidavit that includes a statement of all assets." 28 U.S.C. § 1915(a)(1). Plaintiff has provided such an affidavit and, having reviewed Plaintiff's application to proceed *in forma pauperis*, the Court hereby **GRANTS** Plaintiff's application to proceed *in forma pauperis* in this action.

3.      **The Court Orders Plaintiff To Show Cause, In Writing, Why The Claims Against Judge Rosen And Judge Matthews Should Not Be Dismissed Based Upon Absolute Judicial Immunity.**

Because Plaintiff is proceeding *in forma pauperis*, the applicable statute requires this Court to dismiss this case, at any time, if it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(b)(2) ("the court shall dismiss the case at any time if the court determines that" the action "fails to state a claim on which relief may be granted.")

Upon initial review of Plaintiff's Complaint, it appears that Plaintiff's claims against Judge Gerald Rosen and Judge Cheryl Matthews should be dismissed because those Defendants are entitled to absolute judicial immunity. The Court hereby **ORDERS PLAINTIFF TO SHOW CAUSE, in writing, no later than June 30, 2014,** why his claims against Judge Rosen and Judge Matthews should not be dismissed based upon judicial immunity.

**4.  The Court Denies Plaintiff's Motion For Emergency Suspension Of Local Rules.**

Plaintiff filed a "Motion For Emergency Suspension Of Local Rules," apparently believing that the Local Rules contain a page limitation for complaints. While the Local Rules contain page limitations for briefs, they do not contain a page limitation for complaints. Accordingly, Plaintiff's motion is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: June 19, 2014

S/ Sean F. Cox
Sean F. Cox
U. S. District Judge

I hereby certify that on June 19, 2014, the foregoing document was served on counsel of record via electronic means and upon William Alexander via First Class mail at the address below:

William Alexander
17515 W. 9 Mile Road, Suite 980
Southfield, MI 48075

S/ J. McCoy
Case Manager