UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

William Alexander,

    Plaintiff,

v.                                         Case No. 14-12249

Gerald Rosen, *et al.*,                Honorable Sean F. Cox

    Defendants.

_____/

## ORDER DISMISSING PLAINTIFF'S CLAIMS AGAINST JUDGE ROSEN AND JUDGE MATTHEWS BASED UPON ABSOLUTE JUDICIAL IMMUNITY

Acting *pro se*, William Alexander ("Plaintiff") filed this action against multiple Defendants. In an order issued on June 19, 2014 (Docket Entry No. 4) this Court: 1) declined to exercise supplemental jurisdiction over Plaintiff's state-law claims; 2) granted Plaintiff's application to proceed *in forma pauperis* in this action.

In addition, this Court ordered Plaintiff to show cause, in writing, why his claims against Judge Gerald Rosen and Judge Cheryl Matthews should not be dismissed based upon absolute judicial immunity, stating:

> Upon initial review of Plaintiff's Complaint, it appears that Plaintiff's claims against Judge Gerald Rosen and Judge Cheryl Matthews should be dismissed because those Defendants are entitled to absolute judicial immunity. The Court hereby **ORDERS PLAINTIFF TO SHOW CAUSE, in writing, no later than June 30, 2014,** why his claims against Judge Rosen and Judge Matthews should not be dismissed based upon judicial immunity.

(*Id.* at 3).

Plaintiff has not filed a response to this Court's Show Cause Order and the time for doing

so has passed.

Moreover, having reviewed Plaintiff's Complaint, and mindful of this Court's obligations under § 1915, the Court concludes that Plaintiff's claims against Judge Rosen and Judge Matthews are barred by the doctrine of absolute judicial immunity.

Under the doctrine of judicial immunity, "[g]enerally, a judge is immune from a suit for money damages." *Mireless v. Waco*, 502 U.S. 9, 11 (1991). Furthermore, absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions and second, a judge is not immune for actions, although judicial in nature, taken in complete absence of all jurisdiction. *Id.*

Here, Plaintiff's complaint alleges that Judge Rosen and Judge Matthews took various actions in connection with open cases pending before them. The Complaint does not allege that they took actions in complete absence of all jurisdiction. The Complaint alleges that the judges took various actions, such as dismissing Plaintiff's complaint, declining to stay Plaintiff's case, assessing fines, improperly applying the law and court rules, and denying requested relief. Having reviewed Plaintiff's lengthy Complaint, none of the alleged actions by Judge Rosen or Judge Matthews fall outside of the scope of judicial immunity.

Accordingly, the Court **ORDERS** that Plaintiff's claims against Judge Rosen and Judge Matthews are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated: July 28, 2014                             S/ Sean F. Cox
                                                 Sean F. Cox
                                                 U. S. District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

William Alexander,

    Plaintiff,

v.                        Case No. 14-12249

Gerald Rosen, *et al.*,         Honorable Sean F. Cox

    Defendants.
_____/

PROOF OF SERVICE

    I hereby certify that on July 28, 2014, the foregoing Order was served on counsel of record via electronic means and upon William Alexander via First Class mail at the address below:

William Alexander
17515 W. 9 Mile Road, Suite 980
Southfield, MI 48075

                                              S/ J. McCoy
                                              Case Manager