UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

William Alexander,

    Plaintiff,

v.                                          Case No. 14-12249

Gerald Rosen, *et al.*,              Honorable Sean F. Cox

    Defendants.
_____/

## ORDER DENYING
## PLAINTIFF'S MOTION FOR DISQUALIFICATION

Acting *pro se*, William Alexander ("Plaintiff") filed this action against multiple Defendants.

In an order issued on June 19, 2014, this Court: 1) declined to exercise supplemental jurisdiction over Plaintiff's state-law claims; and 2) granted Plaintiff's application to proceed *in forma pauperis* in this action. In an order issued on July 28, 2014, this Court dismissed Plaintiff's claims against Judge Gerald Rosen and Judge Cheryl Matthews, based upon judicial immunity.

The matter is currently before the Court on Plaintiff's "Motion For Disqualification Of Judge Sean Cox." (Docket Entry No. 43).

The Court finds that oral argument would not aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided without oral argument. Finding no basis to support the relief sought, the Court shall **DENY** the motion.

In his Motion for Disqualification, Plaintiff asks the undersigned to disqualify himself from this case, pursuant to 28 U.S.C. § 455.

Judicial disqualification is required under 28 U.S.C. § 455(a) "in any proceeding in which [the Court's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In addition, §455(b)(1) requires disqualification where a judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). The Sixth Circuit has "held that '[i]n order to justify recusal under 28 U.S.C. § 455, the judge's prejudice or bias must be *personal* or extrajudicial.'" *EBI-Detroit, Inc. v. City of Detroit*, 279 Fed. App'x 340, 354 (6th Cir. 2008) (quoting *United States v. Jamieson,* 427 F.3d 394, 405 (6th Cir. 2005)). "Personal bias" is "prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *Jamieson,* 427 F.3d at 405.

Plaintiff's motion seeks disqualification based upon: 1) Plaintiff's displeasure with rulings made by this Court in this case; and 2) alleged ex parte communications that this Court has had with Defense Counsel, persons at Plaintiff's previous employer, and an attorney in another, unrelated case.

Plaintiff first seeks recusal based upon his displeasure with the Court's rulings in this case. For example, Plaintiff disagrees with this Court's decision to deny his motion wherein he asked this Court to take judicial notice of various factual assertions made by Plaintiff. Thus, as to this first ground, the allegations of bias or prejudice do not stem from any extrajudicial source. Rather it is precisely this court's judicial conduct, namely adverse rulings, which Plaintiff cites as a basis of his allegation of bias. Plaintiff's unhappiness with the Court's rulings cannot form the basis for disqualification.

Second, and most significantly, Plaintiff claims that this Court has had ex parte communications with Defense Counsel David Asmar, someone at Plaintiff's previous employer AmeriCorps service, and another attorney in an unrelated case, Claudia Orr. **Contrary to Plaintiff's unsupported allegations, this Court has had no ex parte communications about Plaintiff or this case with any person.**

Plaintiff's motion implicitly recognizes that there were no such ex parte communications, but claims that a reasonable person reviewing a motion for summary judgment filed by attorney Claudia Orr in an unrelated case would conclude there is an "appearance of impartiality." In the state-court summary judgment motion at issue, that Plaintiff attaches as Exhibit B to his motion, Ms. Orr appears to reference this case (wherein Plaintiff sued Judge Rosen) and states "that frivolous lawsuit was dismissed by Judge Cox." From that single statement in Ms. Orr's motion in an unrelated case, Plaintiff asserts that this Court's impartiality might be questioned based on the statement in Mr. Orr's Brief. Plaintiff asserts that "outside casual observers" would conclude, from that single statement in Ms. Orr's brief, that "some secret pact has been made" or "an improper alliance has been formed to muzzle Plaintiff." The Court disagrees and concludes that Mr. Orr's statement in that unrelated case would not cause a reasonable person to question this Court's impartiality.

Accordingly, because there is no basis for disqualification in this matter, **IT IS ORDERED** that Plaintiff's Motion for Disqualification is **DENIED.**

**IT IS SO ORDERED.**

Dated:  March 2, 2015                              S/ Sean F. Cox
                                                              Sean F. Cox
                                                              U. S. District Judge

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

William Alexander,

    Plaintiff,

v.   Case No. 14-12249

Gerald Rosen, *et al.*,   Honorable Sean F. Cox

    Defendants.
_____/

PROOF OF SERVICE

I hereby certify that on March 2, 2015, the foregoing document was served on counsel of record via electronic means and upon William Alexander via First Class mail at the address below:

William Alexander
5521 Bedford
Detroit, MI 48224

                                                    s/ J. McCoy
                                                  Case Manager