UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

William Alexander,

Plaintiff,

v. Case No. 14-12249

Gerald Rosen, *et al.*, Honorable Sean F. Cox

Defendants.
______________________________/

**OPINION & ORDER**
**GRANTING DEFENDANTS' MOTION TO DISMISS AND DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE**

Acting *pro se*, William Alexander ("Plaintiff") filed this action against multiple Defendants. Plaintiff's complaint is more than 100 pages long and includes a litany of allegations. Although the complaint is long, repetitive, and difficult to follow and understand, one thing is clear – Plaintiff is very unhappy with various rulings made in state-court child custody and support proceedings involving his minor child. Plaintiff challenges the court's custody orders giving custody to the child's mother and alleges that his child is being mentally and emotionally abused. Plaintiff also challenges findings by the Court and/or other professionals involved in his case as to whether the child actually resides with his mother, or whether the child's grandparents actually have custody of the child. Plaintiff asserts that his child support payments should be changed based on a change in custody. Plaintiff also alleges that his child is not benefiting from the custody arrangement in place and that various issues need to be investigated. Among other things, Plaintiff asks this Court to interview the minor child, investigate his claims and challenges, issue an injunction stopping proceedings in the state-court

case, abate all child support awards made, and order other actions to restore the mental health of his minor child.

In an order issued on June 19, 2014 (D.E. No. 4) this Court: 1) declined to exercise supplemental jurisdiction over Plaintiff's state-law claims and dismissed any state-law claims contained in Plaintiff's Complaint; and 2) granted Plaintiff's application to proceed *in forma pauperis* in this action.

In an order issued on July 28, 2014, this Court dismissed all claims against Judge Gerald Rosen and Judge Cheryl Matthews based upon judicial immunity. (D.E. No. 5).

On November 7, 2014, Defendants Michelle Endres, Suzanne Hllyer, David Hoffman, Lori Savin, Mary Kay Neumann, and Ilyssa Cimmino filed a Motion to Dismiss, asking this Court to dismiss Plaintiff's Complaint on multiple grounds. (D.E. No. 17).

Pursuant to Rule 7.1(b) of the Local Rules for the United States District Court for the Eastern District of Michigan, a "respondent opposing a motion must file a response, including a brief and supporting documents then available." Rule 7.1(d) further provides that a response to a dispositive motion must be filed within 21 days after service of the motion.

Thus, if Plaintiff opposes Defendants' pending motion, Plaintiff was required to file a brief in opposition to same within 21 days of service of the motion (i.e., by November 28, 2014).

After Plaintiff failed to file any opposition to the motion by that date, this Court issued a Show Cause Order on December 11, 2014, noting Plaintiff's failure to file a timely response and ordering him to respond to the motion by January 7, 2015 if he opposes it. (D.E. No. 20).

Plaintiff responded to that order in a December 16, 2014 filing, wherein he claimed he

had not received Defendants' motion. Although Defendants had filed a proof of service indicating the motion had been mailed to Plaintiff at the address he provided to the Court, and although proof that a mailing properly addressed and placed in the United States mail creates a presumption that it was actually received (*see United State Ekong*, 518 F.3d 285, 287 (5th Cir. 2007), this Court had its docket manager send Plaintiff another copy of Defendants' Motion to Dismiss. (D.E. No. 27).

In an order issued on February 9, 2015, this Court noted that in a submission filed by Plaintiff on February 6, 2105, Plaintiff acknowledged that he has had a copy of Defendants' Motion to Dismiss since at least January 29, 2015. (D.E. No. 35). In order to give Plaintiff one last chance to respond to Defendants' November 7, 2014 Motion to Dismiss, this Court ordered "**PLAINTIFF TO SHOW CAUSE, in writing, no later than February 19, 2015,** why the currently unopposed Motion to Dismiss filed by Defendants should not be granted. **Plaintiff is once again cautioned that failure to file a timely response to this Order may result in his case being dismissed for failure to prosecute and failure to comply with the Court's Orders**." (*Id*.) (emphasis in original).

Despite this Court's leeway given to Plaintiff over the past three months, Plaintiff has still not filed a brief in opposition to Defendants' November 7, 2014 Motion to Dismiss.

Rather than respond to merits of the pending motion, Plaintiff attempted to remove the state-court child custody and support action that commenced in 2007 (the case that forms the basis of his complaint) to this Court in February of 2015. (*See* D.E. No. 41 in this Case and D.E. No. 4 in Case No. 15-10579). This Court summarily remanded the child custody and support action to Oakland County Circuit Court in Case No. 15-10579 on February 18, 2015. In doing

so, this Court explained:

> While this Court is mindful that *pro se* submissions must be liberally construed, after examining the Notice of Removal and its attachments, this Court concludes that removal is not proper and that this Court lacks subject matter jurisdiction over the state-court action that Alexander seeks to remove. The removed action will therefore be summarily remanded to the Oakland County Circuit Court.
>
> Although Alexander's Notice of Removal does not attach a copy of the Complaint from the state-court action he seeks to remove, the body of the notice indicates that Alexander seeks to remove a state-court action that commenced in 2007 to obtain child support payments from Alexander. As such, this Court lacks subject matter jurisdiction over the state-court action under the domestic relations exception to federal jurisdiction. "Generally, federal courts have no jurisdiction over domestic relations matters." *Danforth v. Celebrezze*, 76 F. App'x. 615, 616 (6th Cir. 2003) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)). "Rather, state courts have exclusive jurisdiction over these matters." *Danforth*, 76 F. App'x. at 615 (citing *Ankenbrandt, supra*, and *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995)).

(D.E. No. 4 in Case No. 15-10579).

In the pending Motion, Defendants ask the Court to dismiss Plaintiff's remaining claims in this action on the following grounds: 1) Plaintiff's complaint fails to state either a RICO claim or a conspiracy to interfere with civil rights claim; 2) Plaintiff's suit is barred by the doctrine of absolute immunity; 3) Plaintiff's suit is barred by the *Rooker-Feldman* doctrine; 4) Plaintiff's suit is barred by the Domestic Relations Exception; and 5) Plaintiff's suit it barred by the *Younger* Abstention Doctrine.

Again, Plaintiff has not filed a brief in opposition to the motion. Thus, Plaintiff has not addressed the merits of any of the grounds for relief presented in the pending motion.

Nevertheless, the Court has considered the motion and the grounds for relief asserted by Defendants. The Court concludes that oral argument would not aid the decisional process. *See*

Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan.

The Court need not address all of the grounds for relief in Defendants' motion because the Court concludes that this action is barred by the domestic relations exception to federal jurisdiction.

"Generally, federal courts have no jurisdiction over domestic relations matters." *Danforth v. Celebrezze*, 76 F. App'x. 615, 616 (6th Cir. 2003) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)). "Rather, state courts have exclusive jurisdiction over these matters." *Danforth*, 76 F. App'x. at 615 (citing *Ankenbrandt, supra*, and *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995)). The reason for this is because:

> The field of domestic relations involves local problems "peculiarly suited to state regulation and control, and peculiarly unsuited to control by federal courts." *Buechold v. Ortiz*, 401 F.2d 371, 373 (9th Cir. 1968)."The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593-94, 10 S.Ct. 850, 852, 34 L.Ed. 500 (1890); *Magaziner v. Montemuro*, 468 F.2d 782, 787 (3rd Cir. 1972). Because state courts historically have decided these matters, they have developed a proficiency and expertise in these cases and a strong interest in disposing of them. *Solomon v. Solomon*, 516 F.2d 1018, 1025 (3rd Cir. 1975); *Cherry v. Cherry*, 438 F.Supp. 88, 90 (D.Md.1977). Some states now have specialized courts which adjudicate only domestic relations cases and are better suited to process the large volume of such cases. *See* for example, Ala.Code s 12-17-70 (Supp.1981); Cal.Civ.Pro.Code s 1740 et seq. (West, Supp.1981); La.Rev.State.Ann. 13:1138 (West, Supp.1981); N.Y.Family Ct. Act ss 411, 511, 652 (McKinney); Ohio Rev.Code Ann. s 2301.03 (Page, Supp.1981).

*Firestone*, 654 F.2d 1212, 1215 (6th Cir. 1981). Accordingly, "[e]ven when brought under the guise of a federal question action, a suit whose substance is domestic relations generally will not be entertained in a federal court." *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir. 1973).

It is "incumbent upon the district court to sift through the claims of the complaint to

determine the true character of the dispute to be adjudicated." *Firestone*, 654 F.2d 1212, 1216 (6th Cir. 1981). Having sifted through Plaintiff's lengthy complaint in this action, the Court concludes that this action is a essentially a domestic relations dispute. Plaintiff is unhappy with various rulings and awards made in state-court child custody and support proceedings involving his minor child. Although couched as a RICO claim, Plaintiff seeks to challenge the various custody and support rulings made in that case, asks this Court to enjoin the state-court from proceeding further, asks this Court to interview his minor child, abate all child support amounts owed, and order mental health treatment for his child. Based on the domestic relations exception, the Court lacks jurisdiction over this action.

Accordingly, **IT IS ORDERED** that Defendants' Motion to Dismiss is **GRANTED** because this Court lacks jurisdiction over this action and that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

Dated: March 2, 2015

S/ Sean F. Cox
Sean F. Cox
U. S. District Judge

I hereby certify that on March 2, 2015, the foregoing document was served on counsel of record via electronic means and upon William Alexander via First Class mail at the address below:

William Alexander
5521 Bedford
Detroit, MI 48224

S/ J. McCoy
Case Manager